## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR TWO INSTAGRAM ACCOUNTS SERVICED BY FACEBOOK, INC.** | ML No. __21-ml-477_____ |

*Reference:     DOJ Ref. # CRM-182-78253; Subject Accounts: Scott.oconnor.562114 and scott.o.connor.562114*

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed 25 June 2003, as to the application of the Treaty Between the Government of the United States of America and the Government of Ireland on Mutual Legal Assistance in Criminal Matters signed 18 January 2001, Ir.-U.S., July 14, 2005, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Instrument"), to execute a request from Ireland.  The proposed Order would require Facebook, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Menlo Park, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with **Scott.oconnor.562114** and **scott.o.connor.562114**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States

asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.        PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.        Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Instrument Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.        Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Ireland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Ireland in connection with a criminal investigation and/or prosecution.

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Ireland are prosecuting Scott O'Connor ("O'Connor") for violent disorder and production of an article capable of inflicting serious injury offenses, which occurred on or about April 20, 2020, in violation of the criminal law of Ireland, specifically, Section 15 of the Criminal Justice (Public Order) Act 1994 and Section 11 of the Firearms and Offensive Weapons Act of 1990.  A copy of the applicable laws is appended to this application.  The United States, through the Office of International Affairs, received a request from Ireland to

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

provide the requested records to assist in the criminal investigation and/or prosecution.  Under the Instrument, the United States is obligated to render assistance in response to the request.

6.     According to authorities in Ireland, on April 20, 2020, O'Connor was involved in an altercation that resulted in the death of a man (the "Victim").  One individual ("Suspect One") was convicted of murdering the Victim, and O'Connor and another individual ("Suspect Two") were both charged with violent disorder and production of a knife during the course of a dispute.  O'Connor ultimately pleaded guilty to the offenses for which he was charged, and he is awaiting sentencing.

7.     On April 20, 2020, O'Connor arrived at a house party with Suspect One and Suspect Two.  At some point, O'Connor, Suspect One, and Suspect Two were outside the home.  When they attempted to reenter the home, the Victim blocked their reentry, and a dispute ensued.

8.     CCTV footage from a nearby post office captured the altercation and shows the moment that Suspect One stabbed the Victim.  O'Connor is shown holding a knife when the Victim was stabbed.  In an interview with Irish authorities, O'Connor admitted to possessing a knife, which he had obtained from the kitchen of the home.  He further admitted to taking the knife from his pocket during the argument in an effort to frighten people.

9.     On September 8, 2020, a witness provided Irish authorities with a screenshot of an image that was posted to the Instagram account with the username **scott.o.connor.562114** on July 21, 2020.  The image depicts O'Connor, Suspect One, and Suspect Two.  One of the Victim's friends informed Irish authorities that he had taken this picture at the house party before the altercation occurred.  The caption under this image reads "Tb to a gas night".

10.    There are a number of comments posted below this image.  These comments were posted between September 2, 2020 and September 8, 2020, and show a conversation with the

4

user of **scott.o.connor.562114** and a second, unknown user. The exchanged communications are as follows:

| | |
|---|---|
| Unknown User: | "stabbing an innocent guy with a whole life ahead of him" |
| **scott.o.connor.562114**: | "[Unknown User] shut up ya sausage he was posh privileged cunt" |
| **scott.o.connor.562114**: | "[Unknown User] I wasn't the one who stabbed him boss I was just there so fuck off out of my page" |
| Unknown User: | "so you think its ok for your friend to kill him because he is 'posh' and privileged'" |
| Unknown User: | "sick" |
| Unknown User: | "u deserve to be locked up" |

11.      At trial, O'Connor denied being the user of **scott.o.connor.562114** and advised that the account must have been created by another person. O'Connor identified his actual Instagram account as the username **Scott.oconnor.562114**.

12.      Irish authorities believe the image posted to the Instagram account with the username **scott.o.connor.562114** on July 21, 2020, and the associated comments show O'Connor's state of mind following the murder and contradict O'Connor's assertions at trial that he is extremely remorseful for his actions during this incident. Therefore, Irish authorities believe this communication may have a considerable impact on the sentence he receives.

13.      The accounts **scott.o.connor.562114** and **Scott.oconnor.562114** are hosted by PROVIDER. As a result, Irish authorities seek records from PROVIDER in an effort to determine the nature and scope of O'Connor's criminal activities and his state of mind.

## REQUEST FOR ORDER

14.      The facts set forth above show that there are reasonable grounds to believe that

the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Ireland to determine the nature and scope of O'Connor's criminal activity and his state of mind. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

15.     In the Request, Ireland requests that any records generated by PROVIDER be certified in a manner that would render them admissible in a potential court proceeding in Ireland. Under the law of Ireland, records created in the usual and ordinary course of business of an entity located in a foreign jurisdiction are admissible, if they are accompanied by a certificate setting forth basic information about the records and the entity that generated the records. A certificate conforming to the requirements is included as Attachment B to the proposed Order. Accordingly, the United States requests that PROVIDER be directed to complete and provide the certificate included as Attachment B to the proposed Order along with the responsive records. The United States requests that PROVIDER be directed to complete and provide the certificate included as Attachment C to this application and the proposed Order, if it does not hold responsive records. *See* 18 U.S.C. § 3512(a) (court "may issue such orders as may be necessary

to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses").

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

*Elizabeth F. Sharp*

By: _____

Elizabeth F. Sharp
Trial Attorney
VA Bar Number 90711
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.  20530
(202) 307-2034 telephone
(202) 514-0080 facsimile
Elizabeth.Sharp@usdoj.gov

## <u>Relevant Provisions of the Irish Criminal Law</u>

**Criminal Justice (Public Order) Act 1994**

*Section 15 – Violent Disorder*

(1) Where—
    (a) three or more persons who are present together at any place (whether that place is a public place or a private place or both) use or threaten to use unlawful violence and
    (b) the conduct of those persons, taken together, is such as would cause a person of reasonable firmness at that place to fear for his or another person's safety, each of the persons using or threatening to use unlawful violence shall be guilty of the offence of violent disorder.
(2) For the purposes of this section
    (a) it shall be immaterial whether or not the three persons use or threaten unlawful violence simultaneously;
    (b) no person of reasonable firmness need actually be, or be likely to be, present at that place.
(3) A person shall not be convicted of the offence of violent disorder unless the person intends to use or threaten to use violence or is aware that his conduct may be violent or threaten violence.
(4) A person guilty of an offence of violent disorder shall be liable on conviction on indictment to a fine or to imprisonment for a term not exceeding 10 years or to both.

**Firearms and Offensive Weapons Act of 1990**

*Section 11 (as amended by Section 64 of the Criminal Justice Act 2006) – Production of an article capable of inflicting serious injury*

Where a person, while committing or appearing to be about to commit an offence, or in the course of a dispute or fight, produces in a manner likely unlawfully to intimidate another person any article capable of inflicting serious injury, he shall be guilty of an offence and shall be liable—
    (a) on summary conviction, to a fine not exceeding £1,000 or to imprisonment for a term not exceeding twelve months or to both, or
    (b) on conviction on indictment, to a fine or to imprisonment for a term not exceeding five years or to both.